PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* MANUEL VALENTÍN, Defendant and Appellant.

No. 2613. Argued December 11, 1925.—Decided March 3, 1926.

*García Méndez & García Méndez* for the appellant.   *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The first ground alleged by the appellant for a reversal of the judgment convicting him of the crime of voluntary homicide is based on the contention that the court below erred in overruling his motion to quash filed on December 5, 1925.

■■ In the transcript on appeal there is no motion or ruling of that date, when the record was already in this court, but it seems that the appellant meant to refer to March 9, 1925. On this date the accused moved the court below to quash the indictment, alleging that in November of 1924 the grand jury indicted him for the crime of voluntary homicide and that indictment was quashed in December of 1924, he having been rearrested later to answer for the same crime; that by virtue of the quashing of that indictment the district attorney could not present the same charge to the grand jury without special permission of the court, which was not obtained, and that the new indictment was presented after the lapse of 15 days from the time when the prior indictment was quashed and when he was newly arrested and gave bail, for which reasons he moved that the indictment be quashed after hearing the evidence. That motion was overruled by the court on March 18, 1925, and as the bill of exceptions and statement of the case approved by the judge of the court below for this appeal do not show whether or not evidence of the facts alleged in the said motion was introduced, we have no basis for considering the first error assigned, and although the appellant has exhibited a certificate from the clerk of the lower court of some of the actions under the other indictment filed against him, it can be given no value in this appeal because the judge of the court below has not certified that they were introduced in this case as evidence of the facts alleged in the motion to quash.

■ The second assignment is that the lower court erred in allowing the district attorney to amend the indictment found by the grand jury.

That indictment charges that the accused committed assault and battery upon Venancio Gayá with a revolver, inflicting upon him various wounds from which he died some moments later, and the defendant having moved for a bill of particulars of those wounds and their nature, the district attorney gave a description of them as required.

There is no need to decide whether the district attorney has authority to amend the indictment presented by the grand jury, for the description of the wounds in a bill of particulars is not an amendment to the indictment, which was not changed, and therefore the assignment is without merit.

■ The refusal of the court to grant a continuance at the instance of the accused is also assigned as error.

The motion for a continuance was based by the defendant on the fact that his attorney was a member of the House of Representatives and had to attend its sessions, but that fact gives no right to a continuance, as has been held before. *Claudio* v. *Ortiz*, 29 P.R.R. 404.

■ Nor did the court below err in refusing to allow the warden of the jail to exhibit to the court the prison record of Pedro Quiñones Hernández for the purpose of impeaching his veracity as a witness because of his having been convicted formerly of a felony, for aside from the fact that the judgment rendered against him is better evidence than the summary of it that may appear in the said prison record, at any rate the ruling of the court resulted in no prejudice to the accused because the said sentence certified to by the clerk of the district court was by him introduced as evidence of that particular.

■ Finally it is assigned as error that the district attorney arrested a witness for the defense in the presence of the jury for supposed perjury, because such conduct created distrust in the minds of the jurors.

On this point the following is all that appears in the record: "The defense stated that after witness Jordán Morales had testified, and without the apparent commission of any crime, the district attorney, in the presence of the jury, ordered the arrest of the said Jordán Morales without announcing that he was going to impeach his testimony in any way." The mere statement of the defense transcribed

is not sufficient to show as a fact that the occurrence was in the manner stated and to serve as a more or less hypothetical basis for a decision.

The judgment appealed from must be affirmed.